**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLINE MARSHALL,<br><br>               Petitioner,<br><br>          v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br>et al.,<br><br>               Respondent. | Civil Action No. 22-4062 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Caroline Marshall's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Petitioner's application to proceed *in forma pauperis.* (ECF No. 3.) As the application indicates that leave to proceed *in forma pauperis* is warranted in this matter, the application shall be granted. This Court is therefore required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

## I.    BACKGROUND

Petitioner is a state pre-trial detainee currently detained on contempt of court charge which appears to be related to a domestic violence matter. (*See* ECF No. 1 at 10-11.) In her habeas petition, Petitioner asserts that she believes her continued detention to be improper, although she

does not explain how or why her detention on contempt charges is unlawful.  Instead, she merely attaches two documents indicating the nature and timing of her charges which she believes self-evidently prove her claim.  (*Id.*)  Those forms, however, provide only that she is being held on criminal contempt charges, and that she may also have had her pre-trial release revoked based on some form of assault.  (*Id.*)  Petitioner also contends that she does not want the jail involved in ongoing medical issues which she does not further discuss or describe.  (*Id.* at 8.)

## II.      LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.     DISCUSSION

In her petition, Petitioner seeks to both challenge her pre-trial detention on criminal contempt charges and exclude the jail in which she is housed from being involved in her medical care.  Petitioner, however, has not fully explained the basis for either of these claims.  She does not provide the Court with the necessary background facts or allegations to permit the Court to determine the nature of her claims.  Pursuant to Rule 2(c) of the Rules Governing Section 2254

2

Cases, a habeas petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground."   Motions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).   As Petitioner's habeas petition fails to clearly set forth her grounds for relief or the factual basis for those grounds, it must be dismissed without prejudice.

Although this Court will dismiss Petitioner's claims without prejudice for failure to comply with Rule 2(c), the Court further notes that the Court would also most likely be required to decline jurisdiction over Petitioner's challenge to her pre-trial detention.   While § 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5, 445-46 (3d Cir. 1975)). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445).   The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443.   In the absence of extraordinary circumstances, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting her claim to the highest state court.   *Id.*   As Petitioner does not contend she has fully exhausted her claims, and appears to be attempting to preemptively litigate

her criminal case in this Court, this Court would likely be required to decline jurisdiction over her challenge to her detention even had she pled sufficient facts.

Finally, the Court notes that Petitioner's medical issue does not truly concern the fact of her confinement, but rather the conditions under which she is confined. Such a claim normally would have to be brought in a civil rights action, but even in the rare circumstances where a conditions of confinement claim is cognizable in habeas, a state habeas petitioner who wishes to attack her conditions of confinement must still exhaust all of her available state court remedies before filing a habeas petition in federal court, and the petitioner bears the burden of establishing that he has met this requirement. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). Petitioner has not alleged, nor shown, either circumstances warranting habeas jurisdiction or that she has exhausted her medical issue in state court, and that claim would need to be dismissed without prejudice for that reason as well.

## IV.    CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges her detention which "arises out of process issued by a State court," she may not appeal the dismissal of her habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition, the petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

**V.      CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge